IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re National Century Financial Enterprises, Inc., Investment Litigation. | : | Case No. 2:03-md-1565 |
| | : | Judge Graham |
| | : | Magistrate Judge Abel |
| _____ | | |
| The Unencumbered Assets Trust, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:04-cv-908 |
| | : | |
| v. | : | Judge Graham |
| | : | |
| Great American Insurance Co., et al,. | : | |
| | : | |
| Defendants. | : | |
| _____ | | |
| In re: National Century Financial Enterprises, Inc., | : | Case No. 2:05-cv-290 |
| | : | Judge Graham |
| Debtor | : | Chapter 11 |
| | : | Judge Calhoun (Case No. 02-65235) |

ORDER DISMISSING REBECCA PARRETT'S CLAIMS

On July 23, 2008, Rebecca Parrett was ordered to show cause within 21 days why her civil

claims in the above-captioned cases should not be dismissed under the fugitive disentitlement

doctrine. The show cause order was served on Ms. Parrett's last known place of residence in

Carefree, Arizona and was signed for by her husband, Gary Green. See Doc. # 1400. It was also

electronically served on her counsel of record. Ms. Parrett has not responded to the show cause

order.

Ms. Parrett was convicted in this judicial district on multiple counts for her role in the fraud perpetrated at National Century Financial Enterprises, Inc.  See U.S. v. Poulsen, et al., Case No. 2:06-cr-129 (S.D. Ohio).  She was convicted of securities fraud (six counts), wire fraud, conspiracy to commit securities fraud and wire fraud, and money laundering.  After her conviction, she failed to report to the Pretrial Services Office in Arizona, as was required by the terms of her pretrial release.  A warrant was issued for her arrest on March 28, 2008.  U.S. v. Poulsen, et al., Doc. #573.  The arrest warrant remains outstanding.

The fugitive disentitlement doctrine "limits access to courts in the United States by a fugitive who has fled a criminal conviction in a court in the United States."  In re Prevot, 59 F.3d 556, 562 (6th Cir. 1995).  The doctrine may be applied to civil litigation in district court.  Id. at 564 ("Disentitlement applies to federal trial courts in civil cases as well as to appellate courts.").  Dismissing a civil action under the doctrine is proper when: (1) plaintiff is a fugitive; (2) there is a connection "between the conviction from which the litigant has fled and the claim with respect to which disentitlement is considered," and (3) dismissal effectuates the concerns underlying the doctrine.  See Prevot, 59 F.3d at 20-22; Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998); Lazaridis v. Wehmer, No. 06-793-SLR, 2007 WL 2286135, at *2 (D. Del. Aug. 8, 2007); Lazaridis v. Donker, No. 1:07-fp-376, 2007 WL 2029645, at *2 (W.D. Mich. July 11, 2007).

As was explained in the show cause order, each of the three factors are satisfied with respect to Ms. Parrett's claims in Rebecca S. Parrett v. Bank One N.A., et al., No. 2:03-541 (D. Ariz. 2003).  First, Ms. Parrett is a fugitive.  Second, the connection between her conviction and her civil claims is strong.  Ms. Parrett was convicted for her actions as an insider to National Century's fraud.  In her civil complaint, she disclaims having any participation in the fraud and alleges that she in fact was an innocent victim of the fraud.  Given the substantive elements of the criminal offenses for which Ms. Parrett was found guilty (particularly the elements of scienter), her conviction thoroughly undermines the repeated premise of her complaint that she had no

2

involvement in or knowledge of National Century's scheme to defraud investors.  See, e.g., Parrett Compl., ¶ 90 (alleging that Ms. Parrett "had no knowledge of, involvement with or responsibility for" the fraud at National Century), ¶ 153 (claiming that "Parrett had the misfortune of being an unknowing and innocent administrative employee") .  Third, Ms. Parrett's fugitive status has already implicated two concerns underlying the disentitlement doctrine –  prejudice to the adversary and efficient operation of the courts.  See Degen v. U.S., 517 U.S. 820, 824-25 (1996).  Ms. Parrett failed to appear for a duly-noticed deposition on June 16, 2008.  See In re National Century Fin. Enterprises, Inc. Inv. Litig., Case No. 2:03-md-1565 (S.D. Ohio), Doc. #1347, Ex. B.  Ms. Parrett is a person with knowledge relevant to the facts and claims at issue in this multidistrict litigation.  Her failure to be available for discovery has prejudiced the other parties and has disrupted the efficient administration of this litigation.  See Fed. R. Civ. P. 37(d) (authorizing dismissal of an action as a sanction for a party's failure to attend its own deposition).

The three factors are also satisfied with respect to Ms. Parrett's claims in Unencumbered Assets Trust v. Great American Ins. Co., et al., Case No. 2:04-cv-908 (S.D. Ohio), and In re National Century Fin. Enterprises, Inc., Case No. 2:05-cv-290 (S.D. Ohio).  The first case is an insurance coverage dispute in which Ms. Parrett has asserted a claim for declaratory judgment that she is entitled to the proceeds of an excess directors and officers policy.  The connection between her conviction and her insurance claim is strong because the insurance dispute concerns Ms. Parrett's "wrongful acts" (as that term is defined in the policy) as a National Century executive.  The second case is Ms. Parrett's proofs of claim filed in bankruptcy court.  In the motion to withdraw the reference, which was granted, Ms. Parrett agreed that her proofs of claim overlapped with the factual issues in Parrett v. Bank One, et al.  Ms. Parrett asserted in her proofs of claim that she was an innocent victim of National Century's fraud.

Accordingly, Ms. Parrett's complaint in Rebecca S. Parrett v. Bank One N.A., et al., No. 2:03-541 (D. Ariz. 2003), and her claims in Unencumbered Assets Trust v. Great American Ins. Co., et al., Case No. 2:04-cv-908 (S.D. Ohio), and In re National Century Fin. Enterprises, Inc.,

3

Case No. 2:05-cv-290 (S.D. Ohio), are DISMISSED under the fugitive disentitlement doctrine.

The clerk of court is instructed to terminate the following motions in In re National Century Fin. Enterprises, Inc., Investment Litigation, Case No. 2:03-md-1565, as moot to Ms. Parrett:  Docs. 146, 147, 155, 165, 166, 167, 169, 170, 175, 747, 1349, 1352.  The following motions are granted: Docs. 1324 and 1325.

The clerk of court is instructed to close In re National Century Fin. Enterprises, Inc., Case No. 2:05-cv-290 (S.D. Ohio).


s/ James L. Graham
JAMES L. GRAHAM
United States District Judge


DATE: August 26, 2008